The order below is hereby signed.

Signed: November 29 2018



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNTIED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GLORIA ANN IRBY-STEWART, | ) | Case No. 18-00757 |
| | ) | (Chapter 7) |
| Debtor, | ) | |
| | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
EXTENSION OF 30 DAYS TO FILE CERTIFICATE OF CREDIT
COUNSELING AND SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED

The debtor has requested a 30-day temporary waiver of the requirement to obtain credit counseling. Under § 109(h)(1), a person may not be a debtor if that person has not received a certificate of credit counseling within 180 days prior to the filing of a case in bankruptcy. However, under § 109(h)(3)(A), the debtor is excused from filing a certificate of prepetition counseling if the debtor:

submits to the court a certificate that—

(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day

period beginning on the date on which the debtor made the request; and

    (iii) is satisfactory to the court.

The debtor's request is not a certificate, requiring a declaration under penalty of perjury that the statement made is true and correct, the debtor does not explain what exigent circumstances merit a waiver of the prepetition credit counseling, and the debtor does not explain what efforts she made to obtain credit counseling seven days prior to filing the petition.  The debtor states that she was unable to obtain credit counseling "during the busy pre-Thanksgiving holiday season," but she doesn't explain whether that was because she was too busy to obtain such counseling, or if no approved credit counseling agency was available to provide the services she was requesting. Credit counseling is readily available in-person, online, or by phone.  Accordingly, the court is suspicious of any claim that credit counseling was unavailable, and will not grant a waiver of the prepetition credit counseling without a detailed explanation of the efforts the debtor had made to obtain prepetition credit counseling, and an explanation as to why the debtor was unable to obtain the credit counseling within seven days prior to filing the petition.  Finally, the request is not satisfactory to the court.

    It is thus

    ORDERED that the debtor's request for temporary waiver of

credit counseling (Dkt. No. 4) is DENIED.  It is further

ORDERED that within 7 days of the entering of this order, the debtor shall file a certificate of prepetition credit counseling or show cause why this case ought not be dismissed for a failure to show that the debtor is eligible to be a debtor in bankruptcy under § 109(h).

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); Recipients of e-notifications of filings.